New Amsterdam Casualty Company, Appellant, v. William E. Saloman, Appellee.

Gen. No. 15,842.

1. PLEADING—*what recoverable under common counts.* If the amounts paid as premiums upon indemnity policies are predicated upon estimates of wages paid, if the wages exceed the estimates an additional sum provided for in such event in the policy may be recovered under the common counts.

2. EVIDENCE—*when competency under common counts waived.* To admit a document without objecting to its competency under the common counts is to waive the right to interpose such an objection to other like documents.

3. INSURANCE—*burden to establish claim of additional premiums under indemnity policies.* When once policies are issued and de-livered at an estimated and agreed premium the burden of estab-lishing a right to additional compensation is upon the company.

New Amsterdam Casualty Co. v. Saloman, 165 Ill. App. 264.

Assumpsit.   Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding.   Heard in this court at the October term, 1909.   Reversed and remanded.   Opinion filed November 2, 1911.

BULKLEY, GRAY & MORE, for appellant; C. PAUL TALLMADGE, of counsel.

WHITMAN & HORNER, for appellee; LLOYD C. WHITMAN, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

At the close of the plaintiff's evidence in this case in the Municipal Court, the judge, at the request of the defendant, excluded it all from the jury and directed the jury to return a verdict for the defendant. When this had been done a judgment of *nil capiat* and for costs was rendered against the plaintiff.   From this judgment (the case being one of the first class) the defendant appealed, and the appeal is now before us.   It raises, of course, primarily only the question whether in the evidence offered for the plaintiff there was anything tending to show that the plaintiff had a legal claim of any amount against the defendant, recoverable under its declaration.   The claim set up was for a balance, alleged by the plaintiff to be due to it, of premiums accruing on ten policies of insurance which it had issued to the defendant at different dates.

The declaration contained only the common money counts.   The defendant pleaded to it the general issue.

The policies were in pairs.   One of each of the pairs insured the defendant "Against loss from Common Law or Statutory Liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered within the period of this policy by any employe of the assured while on duty at the place and in the occupations mentioned in the schedule" (there-

after in the policy given) "in and during the continuance of the work described in the said schedule, and against the expense of defending any suit for such damages."

The other policy of the pair, running for the same length of time, insured the defendant "against loss from Common Law or Statutory Liability for damages on account of bodily injuries, fatal or not fatal, accidentally suffered within the period of this policy by any person or persons not employed by the assured at or about any of the assured described in the schedule in and during the continuance of the work described in the said schedule and against the expense of defending any suit for such damages."

The first pair of these policies, which we will refer to as Nos. 1 and 2, were in force from November 1, 1901, to November 1, 1902. The second pair—Nos. 3 and 4—from November 1, 1902, to July 16, 1903; Nos. 5 and 6 ran from July 16, 1903, to October 8, 1903; Nos. 7 and 8 from October 8, 1903, to October 8, 1904; and Nos. 9 and 10 from October 8, 1904, to February 28, 1905.

In No. 1 the essential parts of the schedule (furnished by the defendant to the plaintiff company as an application, and then copied and attached to the policy) are as follows:

"SCHEDULE.

1.  Name of assured—Wm. E. Salomon & Co.

2.  Address of assured—119 LaSalle Street, Chicago, Cook County, Illinois.

3.  The assured is copartnership.

4.  The place or places where work is to be carried on, the kind of work at each such place, the number of employes and the estimated pay roll at each such place are as follows:

New Amsterdam Casualty Co. v. Saloman, 165 Ill. App. 264.

| Kind of work. | Estimated average number of employes. | Estimated Pay Roll for Policy Term. | Premium rate per $100 of wages. | Amount of Premium. | Place where work is to be done. |
|---|---|---|---|---|---|
| Carpenters, general construction of wooden buildings and general repair work. (No wrecking) | Varies. | $2000.00 | 3% | $60.00 | Chicago, Cook County, Illinois |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

10. The estimated pay roll covers the wages of all persons employed by the assured at the places mentioned in Statement No. 4 including executive officers, office employes, drivers and drivers' helpers, except as follows:

Executive officers and office men.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

15. The expenditure for wages for the last calendar year (ended December 31, 1909) was $2000.

16. The minimum premium for this Policy is $30.00.''

In the policy are these further provisions among others:

### SPECIAL AGREEMENTS.

A. The Company's liability for an accident resulting in injuries to or in the death of one person, is limited to Five Thousand Dollars $5,000, and subject to the same limit for each person the total liability for any one accident resulting in injuries to or in the death of several persons, is limited to Ten Thousand Dollars.

B. This policy does not cover loss from liability for injuries as aforesaid to or caused by any person unless his wages are included in the estimated wages hereinafter set forth and he is on duty at the time of the accident in an occupation hereinafter described at the place or places mentioned in the schedule.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

C. The premium is based on the compensation to employes to be expended by the assured during the period of this policy. If the compensation actually expended exceeds the sum stated in the schedule hereinafter given, the assured shall pay the additional premium earned, if less than the sum stated the Company will return to the assured the unearned premium *pro rata,* but the Company shall first retain not less than the minimum premium stated in said schedule, it being understood and agreed that this sum shall be the minimum earned premium under this policy.

D. This policy may be cancelled by the Company at any time by notice in writing to the assured stating specifically when the cancellation shall be effective. It may also be cancelled by the assured by like notice in writing to the Company, provided the premium shall have been paid. In either case the earned premium shall be computed on the compensation to employes for the year as indicated by the actual expenditure for such compensation during the time the Policy shall have been in force.    *    *    *    *    *    *    *    *    *    *    *    *    *    *

E. The Company shall have the right and opportunity at all reasonable times to examine the books of the assured so far as they relate to the compensation paid to his employes and also to inspect the plant, works, machinery and appliances used in his business. The assured shall, if requested, furnish the Company with a written statement of the amount of such compensation during any part of the policy period under oath if required.''

In policy No. 2 were the same schedule and provisions, with, of course, the change in the description of the liability insured against before indicated, and in the premium, which is a lower rate on the $100 of wages paid. In the other policies the limit of liability varies somewhat from Nos. 1 and 2, but the provisions above set forth were the same.

In the schedule annexed to these other policies the description of the ''Kind of work,'' ''The estimated

pay roll for the Policy term," "The Rate," "The amount of premium" and the "Place where work is to be done" also varies somewhat from the statements of the schedule in Nos. 1 and 2.

It is only necessary, in the view that we take of this case, to recite these parts of the schedule in Nos. 5 and 6.

In No. 5 they are as follows:

| Kind of work. | Estimated average number of employes. | Estimated Pay Roll for Policy Term | Premium Rate per $100 of wages. | Amount of Premium | Places where work is to be done. |
|---|---|---|---|---|---|
| Carpentry, Masonry, Painting, Plastering, in connection with making slight repairs damaged building (not erecting building). | | $2000.00 | $4.80 | $96.00 | Chicago Ills. and vicinity including carpenter work at shop at rear of 1240 Michigan Ave., Chicago, Ill. |

And in No. 6 the same, except as to the "Premium Rate" and "Amount of Premium," which are $1.60 and $32, respectively.

Differences had arisen between the company and the assured during the time these policies were in force, as to the number of employes coming under the description in the schedules and the amount of the premiums which should be consequently paid.

It is not necessary for us to describe the form which these disputes took nor their development until the cancellation of the last policies on February 28, 1905. It is sufficient to say that this suit was brought as their culmination, and the ground of it is the claim that the representations and estimates made in the applications and reports which were the basis of the

schedules were incorrect and below the actual fact, and that under the terms of the policies heretofore given more than the "estimated" amounts (which were the amounts actually paid) should have been paid, and consequently are now due to the New Amsterdam Company.

One defense made by the appellee is that if there is anything due under this contention, it cannot be recovered under the common counts.

We shall not lengthen this opinion by a discussion of this point. We have considered it and the authorities cited by counsel for the respective parties, and are of opinion that if the facts are as claimed by the plaintiff, the amount due is recoverable under the common counts. The question of the admissibility in evidence of the policies themselves under the common counts was waived by the defendant's allowing the admission of some of them without objection.

We have examined the other contentions of the parties with the result that the primary one reduces itself in its lowest terms to the question on whom the burden of proof in this case rested, after it had once become established that at any given time the pay roll of the assured for persons employed in the general occupations covered by the policies was greater and the number of those persons larger than the estimate or report made to the company by the assured in the application for policies covering that time.

To illustrate—the plaintiff would contend, for example, referring to policies 5 and 6, that under such a condition, the defendant to avoid liability for additional premiums must at least prove that the carpenters, masons, painters and plasterers, who the proof might show were employed during the time involved, were not so employed "in making repairs to damaged buildings," but "in erecting buildings," or were not employed "in Chicago and vicinity."

It ought, however, to be noted perhaps that the

New Amsterdam Casualty Co. v. Saloman, 165 Ill. App. 264.

plaintiff also argues that it is at least doubtful whether under the language of the policy which describes the insurance as in consideration "of the statements contained in the schedule attached hereto and hereby made a part hereof, which statements the assured makes on the acceptance of this policy and warrants to be true," the defendant would be permitted to prove these things, even were it able to do so. To do so would be to contradict the warranties, it is suggested, and to be guilty of an unallowable stultification. We do not think it necessary herein to enter into any discussion of the respective natures of "warranties" and "representations" in insurance law or their relative effects, for on a study and comparison of the various clauses of the policy, our construction of the provision that "This policy does not cover loss from liability for injuries to or caused by any person unless  *  *  *  he is on duty at the time of the accident in an occupation hereinafter described at the place or places mentioned in the schedule," renders such a discussion irrelevant. The schedule must be construed with reference to the rest of the policy and the other provisions of the policy with reference to the schedule.

The insurance only covers the persons employed where the schedule represents them, and the fact that there are other persons of the same trade employed otherwise or elsewhere by the assured, even if that fact seems contradicted by the schedule taken by itself, does not, in our opinion, show a breach of either a warranty or of a material representation.

The defendant, on the other hand, contends that it is for the plaintiff to make out its case in full when it claims additional premiums, and that it must show that the additional "compensation actually expended" exceeding "the sum stated in the schedule hereafter given," was paid for persons so employed that they come within the class whose actions or defaults are insured against.

The trial judge below seems to have held this view, and we agree with him. When once the policies were issued and delivered at an estimated and agreed premium, the burden of establishing a right to additional compensation was on the plaintiff. To establish it, the company must prove that it has been rendered liable to risk greater than that the application and schedule contemplated. To do this it must prove, not only that there were more persons than the schedule stated (measured by the pay roll) employed in any specified occupation, but also that they were employed under conditions which rendered the company concerned with that employment.

But to justify the instructed verdict and judgment in this case, something more is necessary. It must appear that there was no evidence tending to show that there were, as measured by the pay roll, more persons thus employed during any policy period, than had been stated in the schedule of the policy in force during that period.

That the contrary of this is true is the second contention of the appellant, and we think it is well founded.

As to policies 5 and 6, the plaintiff produced and put in evidence a document on the bill-heads of the defendant, which its manager testified the defendant, not long after the expiration of the policies, handed him "in response to my request that he would furnish us with the amount paid out on that policy," and "for nothing else" than "for the purpose of fixing the premiums." It was "handed or sent," the witness testified, "For the purpose of furnishing us a statement of the pay roll as expended by them during the term of the policy *and as covered by the policy.*" This document shows for "carpenters," compensation paid during the policy period greater by more than $2700 than the estimated amount of the "carpenters" pay roll in the "schedule." It shows also compensation paid to "painters" greater by more than $2200 than

the estimated schedule pay roll. If this is to be considered as an admission of the increased amount of the pay roll to carpenters and painters *covered by the policy,* it is equivalent, with the legitimate inferences to be drawn from it, to an admission of an increased number of carpenters and painters *so covered,* and of the rightfulness of the claim of the plaintiff to the corresponding increase of premiums. It was in such a view quite sufficient to go to the jury as evidence for the plaintiff, and the case should not have been taken away from them.

We think it must be considered such an admission. The defendant says there is no evidence and no presumption that Mr. Saloman in giving the manager of the company this document did so with the intention of including in the statement only the wages paid to those carpenters and painters covered by the policies. This suggestion is without force. We hold, as did the court below, that no employes except those employed as and where the schedule in the policy specifies, are covered. Mr. Saloman of all persons must be presumed to have known the law on that point then, as his contention in this litigation shows he knows it now. Every legitimate inference and intendment is that when asked to furnish the statement of the amount of compensation to persons *covered by the policy* for the purpose of adjusting premiums, he would not furnish a statement of a larger sum than that so legally covered.

As this statement of the evidence concerning policies 5 and 6 must dispose of this cause here, by an order reversing and remanding, we forbear any further discussion of it than to express the hope that if there be another trial of the case no obstructions will be placed in the way of an ascertainment of the truth concerning the number of persons and their compensation employed by the defendant during any policy period and purporting to be covered by a policy. The object of a trial on the facts is to ascertain the facts. That,

and not any effort to conceal them, ought to be the end to which all efforts of counsel should tend. No competent evidence throwing light on the actual number and compensation of persons employed and covered by the policies should be excluded in this case. We deem it one in which the rulings of the trial court should be liberal in this regard.

The judgment of the Municipal Court is reversed and the cause remanded to the Municipal Court of Chicago.

*Reversed and remanded.*