New Amsterdam Casualty Co. v. Hetterstrom, 197 Ill. App. 452.

## New Amsterdam Casualty Company, Plaintiff in Error, v. W. B. Hetterstrom et al., Defendants in Error.

### Gen. No. 21,156.

1. INSURANCE, § 155*—*when additional premium recoverable by employer's indemnity insurance company.* Where an employer's indemnity insurance policy provides that the premium is based upon the entire compensation paid the employees, and that if such entire compensation exceeds the estimate the assured shall, upon demand, immediately pay the insurer the additional premium earned, the insured is liable for the additional premium, upon demand, where the compensation has been grossly underestimated in the schedule.

2. INSURANCE, § 113*—*when evidence sufficient to establish delivery of policy.* In an action by an employers' indemnity insurance company for an additional premium upon the ground of an underestimate of compensation paid employees in the schedule, evidence *held* sufficient to establish a delivery of the policy.

3. INSURANCE, § 661*—*when evidence sufficient to establish acceptance of policy.* In an action by an employers' indemnity in-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

surance company for an additional premium upon the ground of an underestimate of compensation paid employees in the schedule, *held* that the payment of the initial premium was sufficient evidence of the acceptance of the policy.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding.  Heard in this court at the March term, 1915.  Reversed and judgment here.  Opinion filed January 17, 1916.

BULKLEY, MORE & TALLMADGE, for plaintiff in error.

C. D. LEE, for defendants in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff sued defendants for premiums on a policy of indemnity insurance.  After trial by the court it was adjudged that plaintiff take nothing.

By the policy the plaintiff agreed to indemnify the assured for damages on account of bodily injuries sustained by individuals not employed by defendant. The work covered by the policy was a paving and curbing job at Forest Park, Illinois.  The basis of the premium was $1.50 for each $100 of the assured's pay roll on that work, with a minimum premium of $50 which was charged at the time the policy was written. The policy contained a clause, which is usual in such form of policy, as follows:

"The premium is based on the entire compensation of which an estimate is given in the schedule.  If such entire compensation exceeds the said estimate the assured shall on demand immediately pay the Company the additional premium earned."

The pay roll was estimated in the schedule at $3,000, but upon examination of defendants' books it was ascertained that the pay roll was $30,522.13, and upon the basis of this, the premium which defendants should pay would be $457.83, upon which defendants were entitled to a credit of $50, the initial premium which they had paid.  Under the undisputed evidence and

under the terms of the policy defendants were obligated to plaintiff for premiums in the amount of $407.83. *New Amsterdam Casualty Co. v. Saloman*, 165 Ill. App. 264; see also *Employers' Liability Assur. Corporation v. Kelly-Atkinson Construction Co.*, 195 Ill. App. 620.

It is argued by the defendants in this court that the policy was not delivered to defendants and accepted by them, but we think the evidence does not justify this assertion. The evidence sufficiently shows a delivery, and the payment thereafter of the initial premium of $50 is evidence of the policy's acceptance.

The plaintiff was entitled to $407.83. The judgment of the trial court is reversed and judgment against defendants for this amount is entered in this court.

*Reversed and judgment here.*